```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

EARL FORSYTHE,

                Plaintiff,            MEMORANDUM AND ORDER

       - against -                    10 Civ. 8557 (NRB)
                                      10 Civ. 4609 (NRB)
LOCAL 32BJ, SEIU, and ALMAGAMATED
WARBASSE HOUSES, INC.

                Defendants.
----------------------------------X
----------------------------------X

EARL FORSYTHE,

                Plaintiff,

       - against -

LOCAL 32BJ, SEIU

                Defendant.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Presently before the Court are five motions in two of three related cases brought by pro se plaintiff Earl Forsythe ("plaintiff" or "Forsythe") relating to his termination by his former employer Amalgamated Warbasse Houses, Inc. ("Amalgamated"), and the subsequent decision of his union, Local 32BJ, SEIU ("Local 32BJ"), to not bring his case to arbitration. In the first case, Forsythe v. Amalgamated Warbasse Houses,

Inc., 10 Civ. 2549 ("Forsythe I"), plaintiff alleges that Amalgamated discriminated against him based on his race and national origin.  In the second case, Forsythe v. Local 32BJ, SEIU, 10 Civ. 4609 ("Forsythe II"), plaintiff alleges that Local 32BJ "refused to go to arbitration which is a contractual obligation" and thereby violated the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411 et seq.  And in the third case, Forsythe v. Local 32BJ, SEIU and Amalgamated Warbasse Houses, Inc., 10 Civ. 8557 ("Forsythe III"),  plaintiff similarly alleges that he was "wrongfully terminated on July 23, 2009 by [his] former employer Amalgamated Warbasse Houses, Inc." and that Local 32BJ breached a contract by not going to arbitration on his behalf.  See Amalgamated's Notice of Mot. to Dismiss, Ex. B.[1]

The five motions currently before this Court are: (1) plaintiff's motion to remand Forsythe III; (2) Amalgamated and Local 32BJ's motions to dismiss Forsythe III on the grounds that it is (a) time-barred and (b) duplicative of Forsythe I and Forsythe II; (3) plaintiff's motion to amend his complaint in Forsythe III to add a claim alleging that the defendants violated the National Labor Relations Act ("NLRA"); (4) plaintiff's motion to dismiss his own complaint in Forsythe II; and (5) plaintiff's motion to compel discovery in Forsythe II.

---

[1] Unless otherwise noted, citations to court filings refer to Forsythe III.

We consider each motion in turn, beginning with the motions in Forsythe III.[2]

### Forsythe III

**I.   Background**

Plaintiff originally filed the complaint in Forsythe III in the Supreme Court of the State of New York, County of New York on October 29, 2010, alleging that he was "wrongfully terminated on July 23, 2009 by [his] former employer Amalgamated Warbasse Houses, Inc." and that Local 32BJ breached a contract by not going to arbitration on his behalf.  See id.

On November 12, 2010, Amalgamated filed a notice of removal on the grounds that this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff seeks relief for alleged violations of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Id., Ex. A. Local 32BJ consented to the removal.  Id.

On December 17, 2010, both defendants moved to dismiss the complaint on the grounds that it is (1) untimely and (2) duplicative of Forsythe I and Forsythe II.

---

[2] Before we address the motions, we note that this Court held a conference on May 23, 2011 with all parties to the three related cases.  Although the conference was requested by defendants to address issues that had arisen during plaintiff's deposition in Forsythe I and Forsythe II on May 3, 2011, the Court and the parties addressed a number of issues relating to the pending motions, as noted below.

3

On December 20, 2010, plaintiff filed a motion to remand this action to state court. Then, on February 9, 2011, plaintiff moved to amend his complaint to include an allegation that the defendants violated the NLRA, 29 U.S.C. § 151 et seq. by allowing "employees to discipline employees." Pl.'s Notice of Mot. to Amend, at 1.

**II. Motion to Remand**

  **A. Standard of Review**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." 28 U.S.C. § 1441(a). If, after removal, a plaintiff files a motion to remand, "the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 866 F.Supp. 730, 732 (S.D.N.Y. 1994); see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Moreover, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 274 (2d Cir. 1994).

**B. Hybrid/§ 301 Fair Representation Claims**

When an employee alleges that his union breached its duty of fair representation in a grievance or arbitration proceeding, he "may bring a suit, referred to as a 'hybrid/§ 301 fair representation claim,' against his union, his employer or both." Arnold v. 1199 SEIU, 2011 WL 1486080, at *1 (2d Cir. Apr. 20, 2011)(summary order)(quoting Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000)(per curiam)). "To succeed on such a claim, the employee must prove that (1) the employer breached the collective bargaining agreement (the 'CBA') and (2) the union breached its duty of fair representation in redressing the grievance against the employer." Id. The "hybrid/§ 301 fair representation claim" refers to § 301 of the LMRA, which provides, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Supreme Court has described the pre-emptive force of § 301 expansively: "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any

5

such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983). See also Campbell v. Kane, Kessler, P.C., 144 Fed. Appx. 127, 130 (2d Cir. 2005)(summary order).

**C. Analysis**

It is apparent that plaintiff's claims are based on alleged violations of the collective bargaining agreement to which the defendants were parties. In paragraph four of the complaint, plaintiff alleges that "[Local 32BJ] and Amalgamated . . . are in a written contract which gives me due process and arbitration if needed." In paragraph five, plaintiff alleges that he received a letter from Local 32BJ informing him that it would not be going to arbitration on his behalf. Plaintiff alleges that this "is a breach of contract." In paragraph six, plaintiff alleges that he was wrongfully terminated by Amalgamated and "should have gone to arbitration." And in paragraph seven, plaintiff alleges that "[b]y reason of the facts and circumstances stated above, the defendants breached the contract."

While plaintiff contends that his complaint only raises breach of contract claims that should be heard before a state court, the contract at issue is the collective bargaining

agreement and thus resolution of plaintiff's claims requires interpretation of that agreement.  Indeed, if there were any question that plaintiff's claims require interpretation of the collective bargaining agreement, plaintiff's proposed amended complaint specifically states that a basis for <u>federal jurisdiction</u> is that this case alleges a "Hybrid-violation of the CBA. . . ."  Pl's Am. Compl. at 2.

Thus, plaintiff's complaint is most accurately viewed as a "hybrid/§301 fair representation claim," and, as such, raises questions of federal law.[3]  To the extent that plaintiff still seeks to remand <u>Forsythe III</u> (even though, as discussed below, he subsequently filed a motion to amend his complaint before this Court), the motion to remand is denied.

**III. Motion to Dismiss**

**A. Standard of Review**

When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6), the Court must accept

---

[3] <u>See, e.g.</u>, <u>Campbell v. Kane, Kessler, P.C.</u>, 2004 WL 1234048, at *3-4 (S.D.N.Y. June 2, 2004) ("Claims that an employer has failed to comply with a grievance settlement agreement that was reached pursuant to the grievance and arbitration provisions of a collective bargaining agreement and that the union has allegedly mishandled the dispute constitute hybrid 301/duty of fair representation claims governed by section 301 of the LMRA."); <u>Monumental Blunders, Inc. v. CBS Corp.</u>, 2000 WL 777893, at *3 (S.D.N.Y. June 15, 2000)("Section 301 preempts not only claims directly alleging that a party has violated a provision of the collective bargaining agreement but also those state-law actions that require interpretation or substantial analysis of the terms of a collective bargaining agreement."); <u>Morris v. Local 819, IBT</u>, 1995 WL 293623, at *2 (S.D.N.Y. May 11, 1995)("[W]hen the resolution of plaintiff's claim depends upon an interpretation of a collective bargaining agreement, federal law completely preempts state law, and creates federal question jurisdiction over plaintiff's claim, however plaintiff may try to characterize his grievance.").

7

as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in plaintiffs' favor.  <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint must include "enough facts to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007). Where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  <u>Id.</u>  This pleading standard applies in "all civil actions."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953 (2009).

**B. Analysis**

In his complaint, plaintiff alleges that he was terminated by Amalgamated on July 23, 2009 (Compl. at ¶ 3), and then informed by Local 32BJ on August 12, 2009 that it would not pursue his grievance in arbitration (Compl. at ¶ 4).[4]  Because plaintiff did not file this action until October 29, 2010 — more than a year after he was notified that Local 32BJ would not be taking his case to arbitration — his claim is barred by the applicable six-month statute of limitations.[5]  As the Second Circuit recently stated:

---

[4] Plaintiff received another letter from Local 32BJ's Joint Executive Board, dated October 9, 2009, stating that the board had "adopted the recommendation of the Grievance Appeal Board regarding [plaintiff's] appeal of the Union's recommendation not to arbitrate [his complaint]."  <u>See</u> Pl.'s Am. Compl. (un-numbered exhibit).

[5] We note that plaintiff did not submit an opposition to defendants' motions to dismiss.  Instead, plaintiff filed motions to remand and amend.

8

> A hybrid § 301/fair representation claim is subject to a six-month statute of limitations, which governs the claims against both the employer and the union. Where a union member sues his union alleging a breach of the union's duty of fair representation, the cause of action accrues no later than the time when the union member[ ] knew or reasonably should have known that a breach has occurred.

Arnold, 2011 WL 1486080, at *1 (2d Cir. Apr. 20, 2011) (internal quotation marks and citations omitted). Thus, under the applicable statute of limitations, plaintiff's complaint must be dismissed, as there can be no dispute that plaintiff "knew or should have known of the alleged breach of the duty of fair representation" when Local 32BJ informed him that it would not be taking his case to arbitration. See, e.g., id. at *1 (plaintiff's claim accrued on the date he received a letter from the union stating that it would not pursue the grievance to arbitration); Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004) ("[I]n a suit alleging a breach of the duty of fair representation brought by union members against their union, the cause of action accrues no later than the time when the union members knew or reasonably should have known that a breach has occurred.") (citation and internal quotation marks omitted)).[6]

---

[6] Because plaintiff's claims are time-barred, we need not address defendants' alternative argument that the complaint should be dismissed on the grounds that it is duplicative of Forsythe I and Forsythe II. We note, however, that nothing alleged in Forsythe III involves conduct that has taken place since the filing of plaintiff's first two cases before this Court. Indeed, the alleged conduct - Amalgamated's decision to terminate plaintiff and Local

9

**IV. Motion To Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." However, "[a] district court has discretion to deny leave for good reasons, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, plaintiff's proposed amended complaint adds a claim that defendants "violated the National Labor Relations Act." Pl.'s Notice of Mot. to Amend, at 1. Plaintiff contends that defendants "[p]ermitted employees to discipline employees" (id.) and that "union members . . . can't assist management in disciplining other employee[s]." Pl.'s Am. Compl. at 4.

Here, plaintiff's amended complaint would be futile because to the extent plaintiff raises a claim under § 8 of the NLRA (which addresses unfair labor practice (see 29 U.S.C. § 158)), this Court must defer to the jurisdiction of the National Labor Relations Board. As the Supreme Court has stated, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ." San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245

---

32BJ's decision not to take plaintiff's claim to arbitration — is the exact same as that at issue in Forsythe I and Forsythe II, both of which are presently in the discovery stage.

10

(1959).  See also Husain v. Smarte Carte Inc., 2011 WL 1642591, at *3 (E.D.N.Y. May 5, 2011)("This court . . . lacks subject matter jurisdiction to entertain plaintiff's [NLRA] claims because the NLRB has exclusive jurisdiction over these claims."); Benjamin v. Health and Hospital Corp., 2009 WL 2959622, at *11 (E.D.N.Y. Sept. 11, 2009)(same).[7]  Thus, plaintiff's motion to amend is denied.

## Forsythe II[8]

### I. Plaintiff's Motion to Dismiss

In his motion to remand Forsythe III, plaintiff also sought an order to dismiss his complaint in Forsythe II so that he can appeal and "prevent confusion with the title-one which has nothing to do with arbitration."  At the May 23, 2011 conference, plaintiff stated that he only sought the dismissal of Forsythe II because of defendants' argument in Forsythe III that plaintiff had brought duplicative cases.  However, plaintiff indicated that he would not seek the dismissal of Forsythe II if Forsythe III were dismissed.  Thus, because we have dismissed Forsythe III, we now consider plaintiff's motion to dismiss his complaint in Forsythe II to be withdrawn.

### II. Plaintiff's Motion to Compel

---

[7] In addition, although we do not have jurisdiction to address plaintiff's NLRA claim, we note for plaintiff's information that the NLRA does not "prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization."  29 U.S.C. § 164(a).
[8] Citations to court filings in the following sections refer to Forsythe II.

11

Plaintiff filed a motion to compel Local 32BJ to produce his "grievance with the assault on me by defendant Pedro Zavala and a list of all union members at the Amalgamated Warbasse Houses, Inc. work site at 280 W. 5th St. Bklyn., NY 11224." Plaintiff further stated that he will "refuse a deposition unless [he] get[s] [his] discovery."  Pl.'s Notice of Mot. to Compel Discovery.  In response to plaintiff's discovery demand for the grievance concerning the alleged assault by Pedro Zavala, Local 32BJ stated that it "has no responsive documents in its possession, custody or control." See Aff. of Katchen Locke in Support of Def. Local 32BJ's Response in Opp'n to Pl.'s Mot. to Compel ("Locke Aff."), Ex. B.

Both of plaintiff's discovery demands were discussed at the May 23, 2011 conference.  With regard to plaintiff's request for a copy of his grievance, it was agreed that Local 32BJ will once again search its files for this document.  With regard to plaintiff's demand for a list of all union members at the Amalgamated work site, it was clarified that the issue of whether individuals employed in a supervisory capacity were also union members (the issue which is apparently the basis for plaintiff's discovery demand) was already disclosed in Local 32BJ's answers to interrogatories, thus mooting the need for the production of a list.

While both issues raised in plaintiff's motion to compel were resolved at the court conference, we note that plaintiff did not raise any discovery dispute with defendants prior to the filing of the motion to compel, and thus failed to comply with both Federal Rule of Civil Procedure 37(a)(requiring that the motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action") and Local Civil Rule 37.2 (requiring that a party seeking to make a discovery motion first request an informal conference with the court).[9]  As we stated in our Order denying plaintiff's motion to compel in Forsythe I, plaintiff should file no further discovery motions without complying with the federal and local rules.

## CONCLUSION

In sum, defendants' motions to dismiss Forsythe III are granted, and plaintiff's motions to remand and amend Forsythe III are denied.  Plaintiff's motion to dismiss Forsythe II is

---

[9] A number of courts have held that the failure to comply with the procedural requirements for filing a motion to compel is sufficient grounds for denial of the motion.  See, e.g., Wiwa v. Royal Dutch Petroleum Co., 01 Civ. 1909 (KMW)(HBP), 2006 WL 2637836 (S.D.N.Y. Sept. 12, 2006)("Defendants['] papers do not indicate that defendants' counsel made any attempt to resolve this dispute with plaintiffs' counsel before making this motion.  This deficiency alone is a sufficient ground for denying the motion."); Avent v. Solfaro, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (motion to compel denied where pro se plaintiff did not satisfy meet and confer requirements under the Federal and Local Rules); Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 99 (S.D.N.Y. 1997)("motion to compel is improper because the parties have not established that they have adequately conferred").

deemed withdrawn, and plaintiff's motion to compel in Forsythe II is denied as moot because the parties will proceed in the manner agreed to at the May 23, 2011 conference and set forth above.

Dated:      New York, New York
            June 23, 2011

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE


Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Pro se Plaintiff:**
Earl Forsythe
2931 Eighth Avenue
Apt. 2E
New York, NY 10039

**Attorneys for Defendant Amalgamated Warbasse Houses, Inc.:**
Robert A. Sparer, Esq.
Stefanie R. Munsky, Esq.
Clifton, Budd & DeMaria, LLP
420 Lexington Avenue
New York, NY 10170

**Attorneys for Defendant SEIU Local 32BJ:**
Katchen Locke, Esq.
Office of the General Counsel
SEIU Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, NY 10013-1991

14